No. 15-4266

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**PATTIE BUSBY**,
Plaintiff-Appellant

v.

**BANK OF AMERICA, N.A., et al.,**
Defendants-Appellees

---

On Appeal from the United States District Court
Southern District of Ohio
Western Division
Case No. 3:14-CV-00410

---

## BRIEF OF APPELLEE
## REIMER, ARNOVITZ, CHERNEK & JEFFREY CO., L.P.A

---

PATTIE BUSBY
251 Trumpet Drive
West Carrollton, Ohio 45449
Jpbusby2511@att.net
Plaintiff-Appellant

TIMOTHY T. BRICK (0040526)
COLLEEN A. MOUNTCASTLE (0069588)
Gallagher Sharp
Sixth Floor – Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115
(216) 241-5310 (Telephone)
(216) 241-1608 (Facsimile)
Email: tbrick@gallaghersharp.com
cmountcastle@gallaghersharp.com
Attorneys for Defendant-Appellee,
Reimer, Arnovitz, Chernek & Jeffrey Co.,
L.P.A.

Michael Gerst
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213-457-8078
Facsimile: 213-457-8080
mgerst@reedsmith.com

Stephanie J. Peel
REED SMITH LLP
20 Stanwix Street
Pittsburgh, PA 15222
Telephone: 412-288-3330
Facsimile: 412-288-3063
speel@reedsmith.com

David A. Wallace
CARPENTER LIPPS & LELAND LLP
280 PLAZA, SUITE 1300
280 N. High Street
Columbus, OH 43215
Telephone: 614-365-4100
Facsimile: 614-365-9145
wallace@carpenterlipps.com

Attorneys for Defendants-Appellees, Bank
of America, N.A., Mortgage Electronic
Registration Systems, Inc., and
Mohit Pathan

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit Case Number: 15-4266

Case Name: Busby v. Bank of America, N.A., et al.

Name of counsel: Colleen A. Mountcastle

Pursuant to 6th Cir. R. 26.1, *Reimer, Arnovitz, Chernek and Jeffrey Co. LPA* makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party: No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest: No.

## CERTIFICATE OF SERVICE

I certify that on <u>March 4, 2016</u> the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Colleen A. Mountcastle
Gallagher Sharp, 1501 Euclid Avenue
Cleveland, Ohio  44115

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

6CA-1
8/08

# TABLE OF CONTENTS

I.    INTRODUCTION…………………………………………………...………1

II.   STATEMENT OF JURISDICTION.................................................2

III.  STATEMENT OF THE ISSUE ..................................................3

IV.  STATEMENT OF THE CASE ..................................................3

    A.  Background and History of the Case................................................3

    B.  Relevant Procedural Facts for the Instant Appeal ...........................9

    C.  Ruling Presented for Review .......................................................10

V.  STATEMENT OF STANDARD OF REVIEW ............................................12

VI. SUMMARY OF ARGUMENT ..................................................13

    A. Ms. Busby failed to timely appeal the June 3, 2015 decision.  The only issue before this Court is whether the district court properly denied her request for relief from the August 24, 2015 decision striking her Rule 59 Motion as untimely. ...................................................................................13

    B. The district court properly denied Ms. Busby's Rule 60(b) Motion seeking relief from the August 24, 2015 decision striking her untimely Rule 59 Motion 15

VII. LEGAL ARGUMENT ..................................................18

    A. Response to Appellant's Argument Regarding Liberal Construction and Her Status as a *Pro Se* Litigant. ..................................................18

    B. Response to Ms. Busby's Arguments on the Merits .......................20

VIII. CONCLUSION ..................................................24

COMPLANCE CERTIFICATE.................................................25

**CERTIFICATE OF SERVICE**………………………………………………29

**SIXTH CIRCUIT RULE 30(g)(1) DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS** ...................................................**26**

# TABLE OF AUTHORITIES

**Cases**

*Ackermann v. United States*, 340 U.S. 193 (1950) ........................................ 14

*ACLU of Ky. v. McCreary County,* 607 F.3d 439, (6th Cir. Ky. 2010) ........................................ 12

*Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143 (1987) ........................ 23, 24

*BAC Home Loans Servicing LP v. Busby*, 2nd Dist. No. 25510, 2013-Ohio-1919 ................ 7, 22

*BAC Home Loans Servicing LP v. Jimmie A. Busby,* Case No. 2009 CV 10420 .......................... 4

*Brock v. Hendershott*, 840 F.2d 339, (6th Cir. 1988) ........................................ 20

*Bush v. Rauch*, 38 F.3d 842, (6th Cir. 1994) ........................................ 12

*Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, (6th Cir. 1990) ........................................ 12

*Ferro Corp. Derivative Litig.*, 511 F.3d 611, (6th Cir. 2008) ........................................ 12

*Glazer v. Chase Home Finance LLC*, Case No. 1:09-cv-1262 ........................................ 15

*Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, (6th Cir. 1989) ........................... 18

*Johnson v. Dellatifa*, 357 F.3d 539 (6th Cir. 2004) ........................................ 17

*Jourdan v. Jabe*, 951 F.2d 108, (6th Cir. 1991) ........................................ 19

*Massi v. Walgreen Co.*, 337 F. App'x 542, (6th Cir. 2009) ........................................ 12

*McDowell v. Dynamics Corp.*, 931 F.2d 380, (6th Cir. 1991) ........................................ 18

*Olle v. Henry & Wright Corp.*, 910 F.2d 357, (6th Cir. 1990) ........................................ 17

*Pilgrim v. Littlefield*, 92 F.3d 413, (6th Cir. 1996) ........................................ 20

*Polites v. United States*, 364 U.S. 426 (1960) ........................................ 14

*Rotella v. Wood*, 528 U.S. 549, 145 L. Ed. 2d 1047, 120 S. Ct. 1075 (2000) ........................... 24

*Securities & Exchange Commission v. Timetrust, Inc.* 28 F.Supp. 34, (USDC, N.D. CALIF., S.D., 1939) ........................................ 19

*Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249, 2014 U.S. App. LEXIS 18816 (6th Cir. Sept. 29, 2014) ........................................ 21, 22, 23

*U.S. v. Vasilakos*, 508 F.3d 401, (6th Cir. 2007) ........................................ 21

*Wells v. Brown*, 891 F.2d 591, (6th Cir. 1989) ........................................ 19

*Whitson v. Stone Cty. Jail,* 602 F.3d 920, (8th Cir. 2010) ........................................ 19

**Statutes**

15 U.S.C. §1692k(d) ........................................ 22

28 U.S.C. § 1331, 1337, and 1367 ........................................ 2

Ohio Revised Code § 1345.01 ........................................ 9

**Rules**

Fed. R. App. P. 4 ........................................ 3, 14

Fed.R.App.P. 30 ........................................ 26

Fed.R.App.P.32 ........................................ 25

Fed. R. Civ. P. 6(b)(2) ........................................ 13, 18-20

Fed. R. Civ. P. 8(e) ........................................ 19

Fed. R. Civ. P. 59 ........................................ 1-3, 11-21, 24

Fed. R. Civ. P. 60 ........................................ 1-3, 6-8, 11-21, 23-25

Ohio Civ. R. 60(b) ........................................ 6

I. INTRODUCTION

This action arises out of underlying foreclosure proceedings filed against Plaintiff-Appellant, Pattie Busby by Defendant-Appellee, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. ("the Reimer Firm") in Montgomery County, Ohio Court of Common Pleas on behalf of its client, BAC Home Loans Servicing LP. In this case, Ms. Busby asserted untimely FDCPA and RICO claims, as well as a number of state law causes of action.   Defendant-Appellee, Bank of America ("BOA") was also named as a defendant in this case as "successor, by merger, to BAC Home Loans Servicing LP."

The Reimer Firm filed a Motion to Dismiss Ms. Busby's Complaint and showed that Ms. Busby is collaterally estopped from litigating issues that were or could have been litigated in the foreclosure proceedings.   (See, ECF No. 7.) Further, it was established that Ms. Busby's claims are also time-barred and fail for other reasons.  On June 3, 2015, the district court dismissed the case.  (ECF Nos. 48 and 49.)

In response, Ms. Busby filed an untimely Motion for Rule 59 Relief.  (ECF No. 51.)  On August 24, 2015, the district court denied Ms. Busby's untimely Motion for Rule 59 Relief.  (ECF No. 58.)

On August 25, 2015, Ms. Busby filed a Rule 60(b) Motion attempting to seek relief from the June 3, 2015 dismissal of her case (a decision that she did not

appeal) and the August 24, 2015 district court decision striking her untimely Rule 59(e) motion. (ECF No. 59.) On October 14, 2015, the district court denied Ms. Busby's Rule 60(b) Motion for Relief. (ECF No. 64.) It is the October 14, 2015 decision that is the subject of the instant appeal.

Despite the attempt to bootstrap the June 3, 2015 decision into the Rule 60(b) motion, the only issue in this appeal is whether the district court erred in denying Ms. Busby relief from the decision striking her untimely motion for relief under Rule 59. (ECF No. 58). The district court did not abuse its discretion when it properly denied Ms. Busby's Rule 60(b) motion seeking relief from the order striking the Rule 59(e) motion. A review of the tortured procedural history of this case, both in the district court below and in the state and bankruptcy courts, serves as evidence as to why the district court decided to not exercise its discretion to allow an untimely filing. The district court's October 14, 2015 entry and order denying Ms. Busby's motion for relief under Rule 60(b) should be affirmed on appeal. (ECF No. 64).

## II.  STATEMENT OF JURISDICTION

Ms. Busby asserted below that the district court had subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331, 1337, and 1367. (ECF No. 1, PAGEID#2, Complaint.) This appeal, filed on November 13, 2015 (ECF No. 66), stems from the district court's October 14, 2015 entry and order denying a motion

for Fed. R. Civ. P. 60(b) relief filed by Ms. Busby. (ECF No. 64). This Court has appellate jurisdiction pursuant to Fed. R. App. P. 4 (a)(4)(A)(vi).

It is significant to note that while Ms. Busby's Rule 60(b) Motion (ECF No. 59) stayed the time for appeal of the August 24, 2015 district court decision denying the Motion for Rule 59 Relief (ECF No. 58), the notice of appeal is untimely with respect to the district court's June 3, 2015 decision which terminated the case. (ECF Nos. 48 and 49). Jurisdictionally, the scope of this appeal is limited to whether the district court's October 14, 2015 entry and order denying Ms. Busby's Rule 60(b) motion for relief from the August 24, 2015 district court decision should be affirmed on appeal. (ECF No. 64).

## III.    STATEMENT OF THE ISSUE

Did the district court properly exercise its discretion when it denied Ms. Busby's motion for Fed. R. Civ. P. 60(b) relief from a decision striking Ms. Busby's Rule 59(e) motion when: 1.) Ms Busby filed her Rule 59(e) motion after the deadline for filing such a motion, and 2.) the Fed. R. Civ. P. 60(b) Motion that is the subject of this appeal failed to raise any argument whatsoever relating to the district court's decision to strike her Rule 59 motion for a lack of timeliness?

## IV.    STATEMENT OF THE CASE

### A.    Background and History of the Case

#### 1.    Purchase of West Carrollton Property

3

In April 2008, Ms. Busby and her husband, Jimmy Busby, purchased the property located 251 Trumpet Drive, West Carrollton, Ohio.  The Busbys obtained a loan from Countrywide Bank, FSB in the amount of $174,511.  The Busbys executed a Promissory Note and agreed to make a principal and interest monthly payment of $1,074.49 over a 30-year period.  (ECF No. 1, PAGEID##1-116, copy of the foreclosure complaint in *BAC Home Loans Servicing LP v. Busby*, et al., Montgomery County Court of Common Pleas Case No, 2009CV10420 ("Foreclosure Complaint")).  The Busbys have never disputed that they signed the Promissory Note and Mortgage, or that they received loan proceeds of $174,511.

Within eight months, the Busbys defaulted on their mortgage loan.  The Busbys have conceded that they stopped making the required monthly mortgage payments, and Ms. Busby lived in the Trumpet Drive property essentially "rent free" for years.

## 2.    Underlying Foreclosure Action in Montgomery County, Ohio, Court of Common Pleas

On December 22, 2009, the Reimer Firm filed the Foreclosure Complaint captioned *BAC Home Loans Servicing LP v. Jimmie A. Busby,* Case No. 2009 CV 10420 in the Montgomery County Court of Common Pleas ("Foreclosure Case").  Per the terms of the Note, Pattie and Jimmie Busby agreed to pay Countrywide Bank, FSB the principal amount of $174,411 plus 6.25% interest over 30 years.  (ECF No. 1, PAGEID##34-54, Foreclosure Complaint).  An allonge was attached

to the note which endorsed the note to BAC Home Loans Servicing LP. (*Id.*) The Foreclosure Complaint also included the Mortgage, which named MERS as the mortgagee as nominee for Countrywide, and an Assignment of the Mortgage, dated December 15, 2009, assigning the mortgage to BAC.  (*Id.*)

The Busbys were served via personal service and certified mail on December 24, 2009. (ECF No. 7, PAGEID##169-175, copy of the docket from the Foreclosure Case.)  When the Busbys failed to answer the Foreclosure Complaint or otherwise plead, BAC moved for default judgment. (*Id.*) On February 4, 2010 the trial court entered default judgment against the Busbys in the amount of $173,333.67 plus interest and ordered a sale of the property.   (ECF No. 7, PAGEID##176-183, copy of the February 4, 2010 Judgment Entry.)

On June 23, 2010, the Busbys filed a Motion to Vacate the Judgment. (ECF No. 7, PAGEID##184-210, copy of the June 23, 2010 Motion to Vacate the Judgment.)  In the Motion to Vacate, the Busbys argued that BAC did not have standing to bring the foreclosure complaint. (*Id.*)  On September 22, 2010, the Busbys filed a Motion to Strike Plaintiff's Combined Brief in Opposition to Defendant's Motion to Vacate Void Judgment and Motion for Finding of Facts and Conclusions of Law. (ECF No. 7, PAGEID##211-225.)  In that motion, the Busbys again argued that BAC lacked standing and further asserted that the foreclosure

complaint was "fraudulent." A hearing was held and on November 2, 2010, and the state trial court denied the Busbys' Motion to Vacate.

On July 30, 2012, the Busbys filed a Memorandum Contra and Appendices in Response to Plaintiff's Combined Motion to Strike and Memorandum in Opposition to Defendants' Motion to Vacate Void Judgment. (ECF No. 7, PAGEID## 226-400, copy of the July 30, 2012 Combined Motion to Strike and Memorandum in Opposition to Defendant's Motion to Vacate Void Judgment.)  In the Memorandum Contra, the Busbys renewed the same arguments.  They alleged that BAC was not the holder and owner of the Note and that the Reimer Firm knew or should have known the same. (*Id.*)  They further alleged that the Reimer Firm misled the state trial court.  On August 21, 2012, the Busbys filed a Motion for Sanctions, again alleging that the Note and Mortgage were fraudulent.  (ECF No. 7, PAGEID##401-437, copy of the August 21, 2012 Motion for Sanctions.)

On October 17, 2012 the state trial court issued an entry overruling the Busbys' Amended Motion to Vacate Judgment and their Motion for Sanctions. (ECF No. 7, PAGEID## 438-447, copy of the October 17, 2012 Decision, Order and Entry.)  In that Entry, the state trial court held that the Busbys were not entitled to relief under Ohio Civ. R. 60(b), and denied the motion for sanctions as there was no evidence that BAC acted in bad faith or engaged in frivolous conduct.

### 3.    Underlying Appeal in the Ohio Court of Appeals

On May 10, 2013, the Ohio Court of Appeals, Second Appellate District, affirmed the trial court's decision. *BAC Home Loans Servicing LP v. Busby*, 2nd Dist. No. 25510, 2013-Ohio-1919. (ECF No. 7, PAGEID## 152-168.) The state appellate court held that there was no evidence in the record to support the Busbys' argument that BAC was not the holder of the Note and Mortgage when the Foreclosure Complaint was filed or that there was fraud in the assignments of the Note and Mortgage. *Id*. at ¶¶20-22.  The Busbys presented no evidence of fraud. *Id*. at ¶22.  The state appellate court also affirmed the trial court's decision to overrule the Busby's 60(b) motion for relief from judgment, holding that the issues the Busbys raised should have been raised in an appeal, which the Busbys failed to file. *Id*. at ¶27.  A subsequent appeal to the Supreme Court of Ohio was not accepted for review. *10/23/13 Case Announcements*, 2013-Ohio-4657.

### 4.    Delays in Foreclosure Proceedings

The Busbys have never denied that they signed the Promissory Note and Mortgage and acknowledge that they defaulted on their loan in 2008.   The foreclosure proceedings were initiated years ago, yet at the time of the litigation in the district court below, the Busbys continued to live in the Trumpet Road property without making any payments for years.  Ms. Busby has gone to great lengths to delay the sale of the property, which had been scheduled for Sheriff's Sale no less

than five times at the time that the district court litigation was pending. (ECF No. 7, PAGEID## 169-175.)

In addition to the pleadings and appeal identified above, the Busbys filed multiple Chapter 13 bankruptcy petitions – on June 23, 2010, May 14, 2012, and June 12, 2014. (ECF No. 7, PAGEID## 448-465, copies of dockets of United States Bankruptcy Court, Southern District of Ohio, Case Nos. 3:10-bk-34051, 3:12-bk-32348, and 3:14-bk-32134.) All three bankruptcy petitions were filed just prior to scheduled Sheriff's Sales, and all three petitions were summarily dismissed based on the failure to attach the required schedules.

In June 2014, in the state court action, the Busbys filed a Motion to Reopen and Second Amended Motion to Vacate Void Judgment per Rule 60(b), and an Emergency Motion to Stay the Sale of the Property. (ECF No. 7, PAGEID## 466-533, copies of Motion to Reopen and Second Amended Motion to Vacate Void Judgment per Rule 60(b) and the June 11, 2014 Emergency Motion to Stay the Sale of the Property.)  In these motions, the Busbys not only reasserted their various allegations of fraud, but also claimed for the first time that the certified mail green cards were forged and that Appellee-Defendant Mohit Pathan did not work for MERS.  The motions were denied by the state trial court.  The Busbys also filed a Writ of Mandamus against the trial court judge on June 24, 2014,

asserting the same allegations raised in the foreclosure action. (ECF No. 7, PAGEID## 534-552, copy of the Writ of Mandamus.)

Ms. Busby is also attempting to use this lawsuit as a tactic to further delay the underlying foreclosure proceedings. On December 22, 2014, Ms. Busby filed a Notice of Lis Pendens and Notice of Action Pending in the Montgomery County Court of Common Pleas. (ECF No. 7, PAGEID##553-556, copy of the Notice of Lis Pendens and Notice of Action Pending in Montgomery County Court of Common Pleas Case No. 2014LP00002.) A copy of the Complaint in this action was attached by Ms. Busby in order to "protect her property." (*Id.*)

### B.   Relevant Procedural Facts for the Instant Appeal

In this case, Ms. Busby asserted claims under: the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a (ECF No. 1 at PAGEID# 16-18, ¶¶82-97), and the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. (Id. at PAGEID# 18-24, ¶¶ 98-148.) She asserted that the Reimer Law Firm is liable to her under the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01, et seq. (Id. at PAGEID# 24-25, ¶¶ 149-58.) She asserted claims against all defendants for falsification in violation of Ohio Revised Code § 2912.13(G) (Id. at PAGEID# 26, ¶¶ 159-64), common law fraud (Id. at PAGEID# 26-28, ¶¶ 165-76), civil conspiracy (Id. at PAGEID# 28-30, ¶¶ 177-87), and breach of the

covenant of good faith and fair dealing and "unlawful dual tracking." (Id. at PAGEID# 30, ¶ 188.)

The Motions to Dismiss of Defendants-Appellees the Reimer Firm and Bank of America, N.A. as successor to BAC Home Loans Servicing L.P.; Mohit Pathan, and Mortgage Electronic Registration Systems, Inc. (the "Bank of America Defendants,") were filed on January 30, 2015. (ECF Nos. 7 and 10.)  On the same date, the Court sent Ms. Busby an Order noting that her response was due to be filed and served not later than February 23, 2015.  (ECF No. 9).  Ms. Busby did not oppose the motions to dismiss until March 10, 2015.  (ECF No. 15).  After the Reimer Law Firm and the Bank of America Defendants filed replies (ECF No. 23 and ECF No. 27), the district court allowed Ms. Busby to file a surreply. (ECF No. 30).

On April 3, 2015, the Magistrate Judge issued a Report and Recommendations concluding that all of Ms. Busby's claims were either barred by *res judicata* or time-barred and recommending dismissal with prejudice.  (ECF No. 31).  On June 3, 2015, over Ms. Busby's objections, the district court adopted the Magistrate Judge's Report and Recommendations and terminated the case.  (ECF No. 48).  The judgment was entered on June 3, 2015.  (ECF No. 49).  The twenty-eighth day after the district court's entry of judgment was July 1, 2015.

###    C.    The Ruling Presented for Review

On July 2, 2015, Ms. Busby filed a Motion for Rule 59 Relief.  (ECF No. 51).  On July 6, 2015, the Magistrate Judge issued a Report and Recommendations recommending that Ms. Busby's Motion for Relief from Judgment under Fed. R. Civ. P. 59 be stricken as it was not timely filed.  (ECF No. 52.)  On July 17, 2015, Ms. Busby objected to the Report and Recommendations. (ECF No. 53).  On July 21, 2015, the Magistrate Judge issued a Supplemental Report and Recommendation again recommending that Ms. Busby's Motion for Relief under Rule 59 be denied as it was untimely filed.  (ECF No. 55).  Again Ms. Busby objected. (ECF No. 56).  The Reimer Firm's Brief in Opposition to Ms. Busby's Objections to the Magistrate's Supplemental Report And Recommendation Denying Plaintiff Relief Under Fed. R. Civ. P. 59 (ECF No. 57, PAGE ID#1239-1240) was filed on August 20, 2015.  On August 24, 2015, the district court adopted the Magistrate Judge's Recommendations in their entirety and denied Ms. Busby's Motion for Rule 59 Relief.  (ECF No. 58).

Undaunted, Ms. Busby filed a Motion for Rule 60(b) Relief on August 25, 2015.  (ECF No. 59).  On August 28, 2015, the Magistrate Judge issued a Report and Recommendations on Ms. Busby's Motion for Relief from Judgment, correctly determining that Ms. Busby failed to satisfy the requirements set forth in Fed. R. Civ. P. 60(b).  (ECF No. 60).  Ms. Busby objected to the Magistrate Judge's August 28, 2015 Report and Recommendations.  (ECF No. 61).  The Reimer Firm

11

asked the district court to adopt the Magistrate Judge's Report and Recommendations and deny Ms. Busby's Objections to that Report. (ECF No. 62). Over Ms. Busby's objections, on October 14, 2015, the district court adopted the Magistrate Judge's Recommendations in their entirety and denied Ms. Busby's Motion for Rule 60 Relief. (ECF No. 64). Ms. Busby filed her appeal from that decision on November 13, 2015. (ECF No. 66).

## V.  STATEMENT OF STANDARD OF REVIEW

This Court generally reviews a district court's denial of a motion for relief from judgment pursuant to Rule 60(b) only for an abuse of discretion. *ACLU of Ky. v. McCreary County,* 607 F.3d 439, 450-451 (6th Cir. Ky. 2010), citing, *Massi v. Walgreen Co.*, 337 F. App'x 542, 545 (6th Cir. 2009), citing *Davis v. Jellico Cmty. Hosp., Inc*., 912 F.2d 129, 133 (6th Cir. 1990). When this Court reviews for abuse of discretion, it will reverse only when it "is firmly convinced that a mistake has been made." *ACLU of Ky.,* citing, *Bush v. Rauch*, 38 F.3d 842, 848 (6th Cir. 1994) (internal citations omitted).

To overcome this deferential standard of review over a motion for relief from judgment, a party must demonstrate that the district court committed "a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008).

Ms. Busby has not established that the district court committed a clear error of judgment in denying her Rule 60(b) motion, thus, the deferential abuse of discretion standard of review is applicable here.

VI.  SUMMARY OF ARGUMENT

Ms. Busby's Rule 60(b) Motion sought relief from the district court's orders of June 3, 2015 (ECF Nos. 48 and 49) and August 24, 2015 (ECF No. 58).  The district court properly denied the motion for relief.  (ECF No. 64.)

**A. Ms. Busby failed to timely appeal the June 3, 2015 decision.  The only issue before this Court is whether the district court properly denied her request for relief from the August 24, 2015 decision striking her Rule 59 motion as untimely.**

As to the portion of the 60(b) motion that purported to seek relief from the final order rendered by the district court on June 3, 2015, the Rule 60(b) motion was untimely and was properly denied.

After the district court rendered its decision and entered judgment on June 3, 2015 (ECF No. 48 and 49), Ms. Busby filed a Fed. R. Civ. P. 59 Motion on July 2, 2015, one day past the deadline for such motions.  (ECF No. 51).  Motions under Fed. R. Civ. P. 59(e) must be filed "no later than 28 days after the entry of judgment." Judgment was entered in this case on June 3, 2015 (ECF No. 49). The twenty-eighth day after entry of judgment was July 1, 2015, and the Rule 59 motion was not filed until July 2, 2015.  Fed. R. Civ. P. 6(b)(2) expressly forbids granting an extension of time to file a Rule 59(e) motion.  As such the Rule 59

13

motion was stricken as untimely on August 24, 2015. (ECF No. 58.)  The lack of timeliness of the Rule 59 motion was the only matter addressed in the Magistrate Judge's Report and Recommendations (ECF No. 52) and Supplemental Report and Recommendations (ECF No. 55) that were entirely adopted in the district court's August 24, 2015 decision.  (ECF No. 58.)

"If a party *timely* files in the district court *** [a Rule 59] motion[] ***the time to file an appeal runs from the entry of the order disposing of the last such remaining motion."  See Fed. R. App. P. 4(a)(4)(A)(v).  Here, the Rule 59 motion was not timely, thus, it did not stay the time to appeal from the June 3, 2015 decision.

Having failed to timely appeal the June 3, 2015 decision, Ms. Busby attempted to boot-strap her "appeal" from the dismissal of her case by including reference to the June 3, 2015 decision in her motion for Rule 60(b) relief. However, it is well established that Rule 60(b)(6) is not to be used as a substitute for an appeal.  *Polites v. United States*, 364 U.S. 426 (1960); *Ackermann v. United States*, 340 U.S. 193 (1950).  The district court properly denied Ms. Busby's motion for Rule 60(b) relief from the judgment rendered on June 3, 2015.

Nonetheless, apparently attempting to address the merits of the case despite a failure to appeal from the June 3, 2015 decision which terminated the case, Ms. Busby's Rule 60(b) motion alleged discovery of "new evidence," but failed to

14

explain why said evidence was not discovered in time to *timely* move to alter or amend the judgment under Rule 59(e).

Further, the "new" evidence consisted of excerpts of deposition testimony of Ronald John Chernek extracted from a motion for summary judgment filed in *Glazer v. Chase Home Finance LLC*, Case No. 1:09-cv-1262, a case pending in the Northern District of Ohio. Ms. Busby quoted nothing from the Chernek deposition relevant to the district court's judgment rendered on June 3, 2015, which found that all claims in this case are barred by *res judicata* or the applicable statute of limitations. (ECF No. 48 and 49).

The merits of the district court's June 3, 2015 decision were not properly before the district court in the Rule 60(b) motion at issue and are not the subject of this appeal. The jurisdiction of this Court is limited to a review of the district court's October 14, 2015 decision and to whether the district court abused its discretion when it denied Ms. Busby's request for relief under Rule 60(b) from the decision striking her Rule 59 Motion as untimely.

**B. The district court properly denied Ms. Busby's Rule 60(b) Motion seeking relief from the August 24, 2015 decision striking her untimely Rule 59 Motion.**

As for Ms. Busby's Rule 60(b) Motion seeking relief from the August 24, 2015 decision denying her untimely Rule 59 Motion (ECF No. 58), the district court properly denied her Rule 60(b) motion. (ECF No. 64.)

Ms. Busby's motion for Rule 59 relief was denied because it was not timely filed. (ECF Nos. 52, 55, and 58.) On June 3, 2015, over Ms. Busby's objections, the district court adopted the Magistrate Judge's Report and Recommendations and terminated the case and entered judgment that same day. (ECF Nos. 48 and 49). Rule 59(e) provides, "Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The twenty-eighth day after the district court's entry of judgment was July 1, 2015. Ms. Busby did not file a Motion for Rule 59 Relief until July 2, 2015. (ECF No. 51). The Rule 59(e) Motion was filed after the applicable due date.

Fed. R. Civ. P. 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Ms. Busby's motion for Rule 60(b) relief is devoid of any argument whatsoever relating to the district court's decision to strike her Rule 59 motion for a lack of timeliness.

Ms. Busby did not specify under which subsection of Rule 60(b) she sought relief. She did not claim that judgment was entered against her as a result of mistake, inadvertence, surprise, or excusable neglect, and she did not argue that the judgments at issue were void, satisfied, discharged, or released. Instead, her Rule 60(b) motion consisted of the same allegations that served as the basis of her Complaint, the same allegations that were before the district court when it rendered judgment against her and dismissed her case. (ECF Nos. 48 and 49.)

The alleged "new" evidence discussed above was entirely irrelevant to the district court's August 24, 2015 decision which denied Ms. Busby's Motion for Rule 59 relief due to it being filed after the due date applicable to such motions.

Thus, the district court reviewed Ms. Busby's Rule 60(b) motion under the catch-all provision of Fed. R. Civ. P. 60(b)(6). The district court properly noted that relief should only be granted under Rule 60(b)(6) in unusual circumstances where principles of equity mandate relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). The district court acknowledged its particularly broad discretion under 60(b)(6). *Johnson v. Dellatifa*, 357 F.3d 539 (6th Cir. 2004);

*McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

While Rule 60(b)(6) could be used to grant relief from judgment when the court had a mistake of law pointed out to it, Ms. Busby's motion did not raise any such error of law in the decision denying her untimely Fed. R. Civ. P. 59 Motion. A review of the tortured procedural history of this case, both in the district court below and in the state and bankruptcy courts, serves as evidence as to why the district court decided to not exercise its discretion to allow an untimely filing. In sum, Ms. Busby's Rule 60(b) Motion for Relief was properly denied and the district court's October 14, 2015 decision should be affirmed on appeal.

VII. LEGAL ARGUMENT

### A. Response to Appellant's Argument Regarding Liberal Construction and Her Status as a *Pro Se* Litigant

As she did below, Ms. Busby argues that at the time her Fed. R. Civ. P. 59 motion was due, she was "dealing with an out-of-state father in-law on his death bed and a traveling husband who was driving a truck across the Country." Below, the district court explained that on most occasions when hardship facts of this sort are presented to the court in a request for extension of time, they may warrant favorable consideration. However, Fed. R. Civ. P. 59(e) is an exception. Fed. R. Civ. P. 6(b)(2) expressly forbids granting an extension of time to file a Rule 59(e) motion.

Ms. Busby also argues that lesser standards apply to *pro se* litigants. *Whitson v. Stone Cty. Jail,* 602 F.3d 920, 922n.1 (8th Cir. 2010). Further, she asks for a liberal construction of the deadline imposed for Fed. R. Civ. P. 59 motions, arguing that Fed. R. Civ. P. 6(b)(2) and Fed. R. Civ. P. 8(e) give the court discretion to allow a late filing under Fed. R. Civ. P. 59. Ms. Busby erroneously relies on the unrelated *Securities & Exchange Commission v. Timetrust, Inc.* 28 F.Supp. 34, 41 (USDC, N.D. CALIF., S.D., 1939), to suggest that the notice pleading discussion therein somehow allows her to file a Rule 59 Motion outside the deadline for such motions. Her reliance on *Whitstone* is similarly misplaced because *Whitstone* merely states that "a *pro se* complaint must be liberally construed" and that "*pro se* litigants are held to a lesser *pleading* standard." Id. at 922N.1. As the district court noted in responding to these same arguments, while the allegations of a complaint drafted by a *pro se* litigant may be held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed, this laxity does not apply "to straightforward scheduling requirements that a lay person can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

   *Pro se* litigants are required to adhere to basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, no

special treatment is to be afforded to ordinary civil litigants who proceed *pro se*. *Brock v. Hendershott*, 840 F.2d 339, 342-43 (6th Cir. 1988). "Where . . . a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The deadline imposed by Rule 59(e) is clear and easily understood, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

As she did below, Ms. Busby argues that due to excusable neglect, she should have been permitted to file an untimely Rule 59(e) Motion for relief. However, a failure to file a timely motion under Fed. R. Civ. P. 59 is not subject to excusable neglect. The deadline imposed by Fed. R. Civ. P. 59(e) is absolute. Fed. R. Civ. P. 6(b) - - the very provision on which Ms. Busby relies - - prohibits extending the time to act under Rule 59(e). See Fed.R. Civ.P 6(b)(2). Again, Ms Busby filed a motion for relief under Rule 59 after the deadline for filing such a motion. On August 24, 2015 the district court properly determined that her Fed. R. Civ. P. 59 Motion should be stricken as untimely filed. The district court did not abuse its discretion when it denied Ms. Busby's Rule 60(b) Motion seeking relief from the August 24, 2015 order. The district court's denial of Ms. Busby's Rule 60(b) Motion (ECF No. 64) should be affirmed.

**B. Response to Ms. Busby's Arguments on the Merits**

It bears repeating that the merits of the claims at hand are not the subject of this appeal. The jurisdiction of this Court is limited to a review of whether the district court abused its discretion when it denied Ms. Busby relief under Rule 60(b) Motion from its August 24, 2015 decision striking the Rule 59 Motion as untimely.

Nonetheless, the Reimer Firm will briefly respond to Ms. Busby's assertion that her arguments on the merits must be heard, including her misguided reliance on the decision in *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249, 2014 U.S. App. LEXIS 18816 (6th Cir. Sept. 29, 2014). None of these arguments are relevant to whether the district court properly used its discretion in denying her Motion for Relief under Rule 60(b).

The doctrine of *res judicata* bars Ms. Busby from asserting a claim that BAC lacked standing to file the underlying foreclosure case. Ms. Busby raised standing, as well as issues regarding alleged fraud in the underlying Foreclosure Case and the issues were fully litigated. (See ECF No. 7, PAGEID ##1-447.) Ms. Busby attempted to use this case to try and re-litigate the same issues. Even if Ms. Busby failed to fully develop the standing and fraud claims in the underlying Foreclosure Case, they should have and could have been part of the Foreclosure Case and are barred by the doctrine of claim preclusion. *See U.S. v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007).

Ms. Busby made the same arguments in the Foreclosure Case as she is making here. The state appellate court found that the Busbys were personally served with the Foreclosure Complaint, the documents attached to the Foreclosure Complaint were valid and there is nothing in the record to show that BAC engaged in any fraudulent practice. *BAC Home Loans Servicing LP v. Busby*, 2nd Dist. No. 25510, 2013-Ohio-1919. (ECF No. 7, PAGEID## 152-168.) As a matter of law, Ms. Busby is collaterally estopped from raising the same issues again.

In this case, in its motion to dismiss, the Reimer Firm sought and obtained a dismissal of all claims against it on the ground that they are barred by the relevant statutes of limitation. In her appellate brief, Ms. Busby highlights the claim made against the Reimer Law Firm that it violated the FDCPA when it filed the Foreclosure Action on behalf of Bank of America (ECF No. 1, PAGEID## 16-18, ¶¶ 82-97). The statute of limitations for an action under the FDCPA is one year from the date of the violation. 15 U.S.C. §1692k(d). The Foreclosure Action was filed December 22, 2009, but this action was not filed until December 1, 2014 (ECF No. 1). Therefore, the FDCPA claims are time-barred.

Below, Ms. Busby sought to avoid the effect of the statute of limitations by claiming that the Reimer Law Firm's actions constitute a continuing violation of FDCPA (Memorandum in Opposition, ECF No. 15, PAGEID# 711, citing *Slorp v. Lerner*). She abandons that theory on appeal, but cites to the "essence" of *Slorp* to

suggest that it somehow applies to her appeal from the district court's decision denying her Rule 60(b) motion for relief from the district court's August 24, 2015 decision.

In *Slorp* the Sixth Circuit rejected the continuing-violation doctrine and the arguments that each pleading or memoranda filed subsequent to the complaint in debt-collection litigation is a continuing violation of the FDCPA. *Id.* at 259. Similar to this case, *Slorp* acknowledged that the statutes of limitations had run as to the FDCPA claims made by the plaintiff and it affirmed the dismissal of those claims. The court also rejected Slorp's CSPA, falsification and civil conspiracy claims. *Id.* at 266. Here, the statutes of limitations have run on all of Ms. Busby's claims, and her FDCPA, CSPA, falsification, civil conspiracy and RICO claims are time-barred.

Ms. Busby's reliance on *Slorp* with regard to her RICO claims (ECF No. 1, PAGEID# 18-24, ¶¶ 98-148) is misplaced. Although the court in *Slorp* remanded the matter to the district court to allow the plaintiff to amend its complaint to include RICO claims, it did not address the issue of whether the RICO claims were time-barred. However, in this case this issue was raised and addressed by the district court below.

In this case the district court acknowledged that the Supreme Court has held the limitations period for RICO actions is four years. *Agency Holding Corp. v.*

23

*Malley-Duff & Assoc., Inc*., 483 U.S. 143 (1987).  The case law is clear that the statute of limitations for RICO claims begins to run when the plaintiff knew or should have known of the alleged fraud. *Rotella v. Wood*, 528 U.S. 549, 553-55, 145 L. Ed. 2d 1047, 120 S. Ct. 1075 (2000).  Here, Ms. Busby knew of the alleged fraud, at the latest, when she filed the June 23, 2010 Motion to Vacate the Judgment in the underlying foreclosure case which asserted allegations of fraud against BAC. (ECF No. 7, PAGEID##184-210, copy of the June 23, 2010 Motion to Vacate the Judgment.) Thus Ms. Busby had four years, or until June 23, 2014 to file her RICO claim. *See Agency Holding Corp*. Ms. Busby's RICO claim was not filed until December 1, 2014 (ECF No. 1) and is thus barred by the statute of limitations.  For this reason, in addition to the lack of merit of the RICO claims, the RICO claims were properly dismissed.

## VIII. CONCLUSION

Ms. Busby's Rule 60(b) motion sought relief from the district court's August 24, 2015 decision denying the untimely motion for new trial filed by Ms. Busby under Fed. R. Civ. P. 59.  Despite the attempt to bootstrap the June 3, 2015 decision into the Rule 60(b) motion, the only issue in this appeal is whether Ms. Busby's motion for relief under Rule 59 (ECF No. 51) was timely filed.  It was not.  Thus, the district court did not abuse its discretion when it denied Ms. Busby's Rule 60(b) motion seeking relief from the order striking the Rule 59(e) motion.

The district court's October 14, 2015 entry and order denying Ms. Busby's motion for relief under Rule 60(b) should be affirmed on appeal.  (ECF No. 64).

Respectfully submitted,

s/Timothy T. Brick
TIMOTHY T.  BRICK (0040526)
COLLEEN A. MOUNTCASTLE (0069588)
Gallagher Sharp
Sixth Floor – Bulkley Building
1501 Euclid Avenue
Cleveland, OH  44115
(216) 241-5310 (Telephone)
(216) 241-1608 (Facsimile)
Email:  tbrick@gallaghersharp.com
cmountcastle@gallaghersharp.com
Attorneys for Defendant-Appellee,
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.

## **COMPLANCE CERTIFICATE**

I hereby certify that this Brief complies with the type-volume limitation of Fed.R.App.P.  32(a)(7)(B)   This Brief contains 6,077 words (excluding sections exempt under Fed.R.App.P.32(a)(7)(B)(iii)) as calculated by the word count feature of Microsoft Word 2010.

Respectfully submitted,

s/Timothy T. Brick
TIMOTHY T.  BRICK (0040526)
COLLEEN A. MOUNTCASTLE (0069588)
Attorneys for Defendant-Appellee,
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.

**ADDENDUM**
**SIXTH CIRCUIT RULE 30(g)(1) DESIGNATION OF RELEVANT**
**DISTRICT COURT DOCUMENTS**

| DATE | ECF No. | PAGE ID# | DESCRIPTION |
|---|---|---|---|
| December 1, 2014 | ECF No. 1 | PAGE ID## 1-116 | Complaint |
| January 30, 2015 | ECF No. 7 | PAGE ID## 129-556 | Defendant-Appellee, Reimer Firm's Motion to Dismiss the Complaint |
| January 30, 2015 | ECF No. 10 | PAGE ID## 560-688 | Defendants-Appellees Dismiss Bank of America Defendant's Motion to Dismiss |
| February 23, 2015 | ECF No. 9 | PAGE ID# 559 | Order to *pro se* Plaintiff to respond to Defendants' Motions to Dismiss |
| March 10, 2015 | ECF No. 15 | PAGE ID## 700-725 | Plaintiff's memorandum in opposition to Defendants' Motions to Dismiss |
| March 23, 2015 | ECF No. 23 | PAGE ID## 753-762 | The Reimer Firm's Reply in Support of Motion to Dismiss |
| March 25, 2015 | ECF No. 27 | PAGE ID## 874-888 | The Bank of American Defendants' Reply in Support of Motion to Dismiss |
| March 31, 2015 | ECF No. 30 | PAGE ID## 906-916 | Plaintiffs Surreply in Opposition to Motions to Dismiss |
| April 3, 2015 | ECF No. 31 | PAGE ID## 917-926 | Magistrate Judge's Report and Recommendations concluding that all of Ms. Busby's claims were barred by *res judicata* or time-barred and recommending dismissal with prejudice |
| June 3, 2015 | ECF No. 48 | PAGE ID## 1182- | The district court's judgment |

| | | 1186 | entry adopting the Magistrate Judge's Report and Recommendations and terminating the case |
|---|---|---|---|
| June 3, 2015 | ECF No. 49 | PAGE ID# 1187 | The district court's entry of judgment terminating the case |
| July 2, 2015 | ECF No. 51 | PAGE ID## 1193-1219 | Ms. Busby's Motion for Rule 59 Relief |
| July 6, 2015 | ECF No. 52 | PAGE ID## 1220-1221 | The Magistrate Judge's Report and Recommendation recommending that Ms. Busby's Motion for Relief from Judgment under Fed. R. Civ. P. 59 be stricken as it was not timely filed |
| July 17, 2015 | ECF No. 53 | PAGE ID## 1222-1228 | Ms. Busby's objections to the Report and Recommendation |
| July 21, 2015 | ECF No. 55 | PAGE ID## 1230-1232 | The Magistrate Judge's Supplemental Report and Recommendation again recommending that Ms. Busby's Motion for Relief Under Rule 59 be denied as it was untimely filed |
| August 7, 2015 | ECF No. 56 | PAGE ID## 1233-1238 | Ms. Busby's objections to the Magistrate Judge's Supplemental Report and Recommendation again recommending that Ms. Busby's Motion for Relief Under Rule 59 be denied as it was untimely filed |
| August 20, 2015 | ECF No. 57 | PAGE ID#1239-1240 | The Reimer Firm's Brief In Opposition To Ms. Busby's Objections To The Magistrate's Supplemental Report And |

| | | | Recommendation Denying Plaintiff Relief Under Fed. R. Civ. P. 59 |
|---|---|---|---|
| August 24, 2015 | ECF No. 58 | PAGE ID## 1241-1242 | The district court's judgment adopting the Magistrate Judge's Recommendations in their entirety and denying Ms. Busby's Motion for Rule 59 Relief |
| August 25, 2015 | ECF No. 59 | PAGE ID## 1243-1299 | Ms. Busby's Motion for Rule 60(B) Relief |
| August 28, 2015 | ECF No. 60 | PAGE ID#1300-1303 | The Magistrate Judge's Report and Recommendations on Ms. Busby's Motion for Relief from Judgment |
| September 14, 2015 | ECF No. 61 | PAGE ID## 1304-1309 | Ms. Busby's objections to the Magistrate Judge's August 28, 2015 Report and Recommendations |
| September 24, 2015 | ECF No. 62 | PAGE ID## 1310-1312 | The Reimer Firm's Opposition to Ms. Busby's Objections |
| October 14, 2015 | ECF No. 64 | PAGE ID#1322-1323 | The district court's judgment adopting the Magistrate Judge's Recommendations in their entirety and denying Ms. Busby's Motion for Rule 60 Relief |
| November 13, 2015 | ECF No. 66 | PAGE ID#1331-1332 | Notice of appeal |

## CERTIFICATE OF SERVICE

The foregoing Brief of Appellee Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. and addendum were filed with the Court on this 4th day of March, 2016. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system.  Parties may access this filing through the Court's case management and electronic case filing system.  A true and accurate copy has also been sent by Federal Express this 4th day of March, 2016 to:

> Pattie Busby
> 251 Trumpet Drive
> West Carrollton, Ohio 45449
> Jpbusby2511@att.net

> s/Timothy T. Brick
> TIMOTHY T.  BRICK (0040526)
> COLLEEN A. MOUNTCASTLE (0069588)
> Attorneys for Defendant-Appellee,
> Reimer, Arnovitz, Chernek & Jeffrey Co.,
> L.P.A.